[No. 1551, August 26, 1913.]

THE STATE OF NEW MEXICO, ex rel., STANDARD HOME COMPANY, a Corporation, Relator and Appellant, v. STATE CORPORATION COMMISSION OF THE STATE OF NEW MEXICO, comprised of the individual members, H. H. Williams, M. S. Groves and O. L. Owen, Respondents and Appellees.

## SYLLABUS (BY THE COURT)

1. Corporations or associations doing business by collecting monthly installments of dues for the accumulation of funds out of which to loan those contributing to such fund amounts for the purchase of homes, are subject to the provisions of chapter 72, Session Laws of 1899, entitled "An act relating to building and loan associations, as doing business in a form and character similar to that authorized to be done by building and loan associations organized under the provisions of said act."

P. 173

Appeal from the District Court of Santa Fe County; Edmund C. Abbott, District Judge; affirmed.

CATRON & CATRON, Santa Fe, N. M., for appellant.

Incorporation laws. Laws 1905, chap. 79; Laws 1899, chapter 72.

JANUARY TERM, 1913.                    167

State ex rel. v. Corp. Com., 18 N. M. 166

Chapter 72, Laws of 1899, is penal. Territory v. Davenport, 124 Pac. 795. Must be strictly construed. U. S. v. Lucero, 1 N. M. 422; U. S. v. Santistevan, 1 N. M. 583; Esquibel v. Chaves, 12 N. M. 482.

Chapter 72, Laws 1899, copied from Colorado law enacted in 1897. Rev. Stat. of Colo., secs. 950-968; Bremen Min. Co. v. Bremen, 13 N. M. 126; Romero v. Railroad, 11 N. M. 688; DeBaca v. Wilcox, 11 N. M. 352; Perea v. Colo. Nat. Bank, 6 N. M. 4; Lutz v. A. & P. Ry. Co., 6 N. M. 500; Reymond v. Newcomb, 10 N. M. 173; Columbia B. & L. Assn. v. Lyttle, 16 Colo. App. 423.

Controlling principle of the appellant is mutuality among its shareholders. Columbia B. & L. Assn., v. Lyttle, 16 Colo. App. 423; People's B. & L. Assn. v. Purdy, 20 Colo. App. 287.

But, the relation of appellant, Standard Home Company, is not mutual. State v. Folk, State Treas. (Tenn.) 135 S. W. 776; People's B. & L. Assn. v. Purdy, 20 Colo. 287; Askoy v. Fidelity, etc., Assn., 37 Colo. 432; Eversman v. Schmitt, 53 Ohio St. 174, 41 N. E. 139, 29 L. R. A. 184; Columbia B. & L. Assn. v. Junquist, 111 Fed. 645; King v. Inter. B. & L. Co., 170 Ill. 135, 48 N. E. 677; Wierman v. Inter. B., etc., Union, 67 Ill. App. 550.

"All members must participate equally in the profits and bear the losses, if any, in the same proportion. This is the fundamental law of building and loan associations organized under the different statutes throughout the Union." Bertche v. Equitable L. & Inv. Assn., 147 Mo. 343, 48 S. W. 954; Hawley v. North Side B. & L. Assn., 11 Colo. App. 93; International Imp. Co. v. Wagner, 125 Pac. 597; State of Tenn. ex Standard Trust Co., v. Folk, 135 S. W. 776; McCauley v. B. & L. Assn., 97 Tenn. 421, 31 L. R. A. 244; Setliff v. Nashville, etc., Assn., 39 S. W. 546; 20 Ann. Cas. 1253, note; 4 A. & E. Enc. of Law, (2nd ed.) 1026; Cook v. Equitable B. & L. Assn., 104 Ga. 814; Towle v. Am. B., L. & Inv. Co., 61 Fed. 446; Albany Mut. B. Assn. v. City of Laramie, 65 Pac. 1911; Rhodes v. Missouri Sav. Co., 173 Ill. 629; Maroney, Jr., v. Atl. B. & L. Assn., 116 N. C. 822.

168    SUPREME COURT OF NEW MEXICO.

State ex rel. v. Corp. Com., 18 N. M. 166

While decisions rendered after the adoption of a statute are not of the same binding effect as decisions rendered prior to such adoption, they are nevertheless of strongly persuasive effect.  Harrison v. Hill, 37 Ill. App. 30; Northcut v. Eager, 132 Md. 265, 33 S. W. 1125; Myers v. McGavock, 39 Neb. 843, 58 N. W. 522; Olin v. Denver & R. G. R. Co., 25 Colo. 177, 53 Pac. 454; Attorney Gen. v. Pitcher, 183 Mass. 513.

"A contract entered into with a building and loan association organized under the laws of this state by and through which it may be enabled to evade the statute and loan its funds to a person, not a member or a shareholder of the association, is invalid and non-enforceable.  National Inv. Co. v. National Sav. B. & L. Assn., 49 Minn. 517.

HON FRANK W. CLANCY, Attorney General, Santa Fe, N. M., for appellee.

Foreign building and loan associations are governed by chapter 72 of laws of 1899.  Standard Home Company is a foreign association and by the "participating plan" cannot evade the statute.  State v. Standard Co., 103 Pac. 1007.

"Similar" in a statute does not mean "identical." Greenleaf v. Goodrich, 101 U. S. 278, 282-3-4; Trust Co. v. Olney, 16 R. I. 185-6.

Repeal of sections 1 to 14 and section 19 of chapter 72 of the law of 1899, leaving sections 15 to 18, both inclusive, in force, and also section 20, does not destroy legislative intent as to governing foreign associations, without reference to section 1 of that act.  2 Sutherland Stat. Const., sec. 452; Ogden v. Boreman, 20 Utah 98.

### STATEMENT OF FACTS.

On December 14, 1911, plaintiff, a corporation organized under the laws of the State of Delaware, made application to Secretary of the then Territory of New Mexico, for a certificate of qualification to permit it to transact

JANUARY TERM, 1913.          169

State ex rel. v. Corp. Com., 18 N. M. 166

business within New Mexico under the provisions of the General Incorporation Laws (chap. 79, laws 1905), making a tender of the necessary fees, etc.

On December 21, 1911, the Secretary of the then Territory of New Mexico, officially declined to issue to plaintiff a certain certificate of qualification permitting it to so transact business within New Mexico, and on January 24, 1912, the State Corporation Commission ratified and confirmed such refusal on the part of its predecessor.

Thereafter, on July 3, 1912, plaintiff, through its counsel, filed in the office of the clerk of the District Court of Santa Fe County, an information in the nature of a petition for a writ of mandamus, directed to the State Corporation Commission, to compel that body to issue to it a certificate of qualification to transact business within New Mexico under the provisions of the General Incorporation Laws.

The Attorney General voluntarily appeared in the said action and, waiving issuance of an alternative writ of mandamus, filed a demurrer to plaintiff's petition, which was sustained by the District Court of Santa Fe County, and on November 6, 1912, judgment was entered dismissing plaintiff's petition and granting an appeal to this Court.

### OPINION OF THE COURT.

HANNA, J.—There is but one question in this case for our determination, i. e., is appellant subject to our statute relative to foreign building and loan associations because it is "doing business in a form and character similar to that authorized to be done" by building and loan associations organized, in New Mexico, under the provisions of chapter 72 of the laws of 1899?

The corporations, of the class referred to, which are to be considered as foreign building and loan associations, are defined, by section 15 of chapter 72, laws of 1899, as follows:

"Sec. 15. Every corporation, company or association now doing or contemplating doing business in this Terri-

170    SUPREME COURT OF NEW MEXICO,

State ex rel. v. Corp. Com., 18 N. M. 166

tory, and having for a part of its title or name the words "Loan and Building Association," "Building Association," "Building and Loan Association," "Saving and Loan Association," or "Co-operative Bank," "Saving and Investment Company," and every corporation, company or association whose stock is payable by an accumulating fund in regular or stated periodical installments; and every corporation, company or association doing business in a form and character similar to that authorized by section 1 of this act, shall, if organized or incorporated in any State or Territory other than the Territory of New Mexico, be known in this act, as a foreign building and loan association."

Section 1, of the same act, is as follows:

"Sec. 1.    Any association of not less than three persons hereafter incorporated under the laws of this Territory, which shall be organized within this Territory for the purpose of raising a fund by the collection of dues or stated payments from its members, to be loaned among its members, shall, in furtherance of such purpose, and after having complied with the requirements of this act, be authorized and empowered to levy, assess, and collect from its members such sums of money, by rates of stated dues, fines, interest on loans advanced, and premiums bid by members for the right of precedence in taking loans, as the corporation may provide for in its constitution or by-laws; also to acquire, hold and convey all such real estate and personal property as may be legitimately pledged to it upon said loans, or may otherwise be transferred to it in the due course of its business."

Appellant has, at considerable length, pointed out the characteristics of building and loan associations, attempting to demonstrate that it differs from such associations so much that its business cannot be said to be similar. It is to be conceded that the prevailing characteristic of building and loan associations is mutuality among stockholders. In other words, an equal participation of members in profits and losses. This element, it is urged, is entirely lacking in the case of appellant corporation, and it is pointed out that appellant, under its articles of incor-

poration, has the power to guarantee to its contract holders that the contracts purchased by them will mature at a definite time and guarantee them a definite amount.

On the other hand, the Attorney General contends that if the business, of appellant, is similar to that of building and loan associations, it comes within the provisions of our law as to such associations.

It is to be noted that sec. 1 of our statute, authorizes the incorporation of associations for the purpose of raising funds by the collection of dues or stated payments from its members, to be loaned among its members, from which premise appellant urges that because it sells its contracts to persons who are not members, but to any and all persons, which contracts are not stock in the company but only a so-called investment contract, the holders of which have no voice in the management of the company, and do not share in its profits or losses, therefore, the essential element of mutuality is lacking so far as the affairs of this company is concerned, and there can be no similarity between its business and that of an association as described in sec. 1 of the act. We are not prepared to agree with this contention of appellant.

An examination of the "investment home purchasing contract," a part of the record in this case, discloses that "the prompt payment of a monthly installment of dues of $6.00 * * * * until eighty monthly installments of dues have been paid" is the consideration expressed in the contract.

The second paragraph of the contract provides for the return of dues paid, "with its pro rata share of profits," not exceeding a maximum sum of $720.00, or a minimum sum of $528.00.

The third paragraph is designated as "Loan provisions" and provides that after the prompt payment of six monthly installments the owner of the contract "is eligible to receive a loan or funds to purchase a home in the sum of $1000.00 * * * * out of the loan or reserve fund" of the particular series to which the contract belongs. If this method of doing business is not clearly a raising of a

fund by the collection of dues or stated payments from its members to be loaned among its members, we are at a loss to classify the method. In our opinion, the method is so "similar" to that customarily adopted by building and loan associations as to fall within the intent and purposes of sec. 15 of the act of 1899. While the contributing party may be called a stock holder in the one case and a contract "owner" in the other, nevertheless, in either case the parties are seeking the same end in substantially the same manner.

In the case of the State of Kansas v. The Standard Real Estate Loan Company, 80 Kans. 695, 103 Pac. 1007, which was a proceeding in the nature of quo warranto against the corporation, resulting in a judgment of ouster, the Supreme Court say:

"The legislature has prescribed a scheme for domestic concerns of this character; but it is not necessary that the plan of a foreign association be identical with that provided for in the statute to subject such an association to the law requiring a license. Neither is it necessary that the scheme of the foreign association should conform to that of any other already in use, provided in essence and effect such association performs the functions and accomplishes the purpose for which building and loan associations are usually organized. That the defendant organization clearly does. Its charter is studiously blind as to the object of its creation. The plan does appear, however, in an "investment contract," which the defendant issues and sells in the place of shares and stock. It is not necessary to incumber the reports with a copy of this instrument or a feature by feature analysis and discussion of its provisions. It is unique, presents a system differing in many formal respects from that of building and loan associations generally, and eliminates altogether some of the incidents of ordinary plans; but the vital and essential features of even the type prescribed for Kansas associations appear, and the court finds that the defendant is a foreign building and loan association, has procured no certificate of authority to do business in this state from the bank commissioner,

is therefore doing business in our state contrary to law,. and ought to be ousted."

. We quote this opinion with approval, believing it particularly applicable to the facts of the present case. Having had access to an abstract of the records in the Kansas case, we have compared the so-called contract of that case with the contract in the present case, and in their principal provisions they are almost identical, so much so, in · fact, as to point to a common authorship.

The Kansas statute upon the subject of the admission of foreign building and loan associations into that state is not as definite as ours and does not use the term "similar," therefore, there are more substantial reasons for our conclusions than could exist in the Kansas case.

We are clearly of the opinion that corporations or associations doing business by collecting monthly installments of dues for the accumulation of funds out of which to loan those contributing to such fund amounts for the purchase of homes are subject to the provisions of chapter 72, Session Laws of 1899, entitled "An act relating to building and loan associations, etc.," as doing business in a form and character similar to that authorized to be done by building and loan associations organized under the provisions of said act.

Finding no error in the record, the judgment of the District Court is affirmed.

### SYLLABUS (BY THE COURT)

